IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| VALENTE ELIZONDO and DORA ELIZONDO, Plaintiffs, | § § § § | |
| | § | CIVIL ACTION NO. _____ |
| VS. | § § | |
| | § | ADMIRALTY AND MARITIME |
| CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINE and GALVESTON WHARVES, Defendants. | § § § § | CLAIM JURY TRIAL DEMANDED |

## PLAINTIFFS' ORIGINAL COMPLAINT

### I. INTRODUCTION

1.   Plaintiffs Valente Elizondo Sr. and Dora Cruz Elizondo bring this maritime negligence action against Carnival Corporation d/b/a Carnival Cruise Line ("Carnival") and Galveston Wharves (collectively "Defendants") for serious personal injuries sustained by Plaintiff Valente Elizondo Sr. on July 19, 2025, when he tripped and fell on a steep, covered debarkation ramp at the Port of Galveston, Texas, 2702 Harborside Drive, Galveston, Texas 77550, while disembarking the Carnival Breeze. The debarkation ramp was in a dangerous and defective condition in that the metal surface connections/joints of the ramp were raised, uneven, and constituted a tripping hazard that caught the foot of Plaintiff's walker, causing him to violently fall forward and strike his head on the ramp floor. The negligence of both Defendants in maintaining a safe and hazard-free debarkation area directly and proximately caused Plaintiff's catastrophic injuries, including a left humeral head fracture, intracranial hemorrhage, and cervical spine injuries, resulting in substantial physical, emotional, and financial harm.

## II. PARTIES

2.    Plaintiff Valente Elizondo Sr., is an individual of the age of seventy-five (75) years, born on February 19, 1950, residing at 2517 Gull Avenue, McAllen, Texas 78504, in Hidalgo County, Texas. At all times relevant to this action, Plaintiff was a paying passenger aboard the Carnival Breeze and was lawfully present at the debarkation terminal at the Port of Galveston, Texas.

3.    Plaintiff Dora Cruz Elizondo is an individual born on October 16, 1953, and is the lawful spouse of Valente Elizondo Sr., residing at 2517 Gull Avenue, McAllen, Texas 78504. Plaintiff Dora Cruz Elizondo asserts a claim for loss of consortium arising from the injuries sustained by her husband.

4.    Defendant Carnival Corporation d/b/a Carnival Cruise Line ("Carnival") is a corporation organized and existing under the laws of Panama, with its principal place of business at 3655 NW 87th Avenue, Miami, Florida 33178. Carnival owns and operates the Carnival Breeze, the cruise vessel upon which Plaintiffs were passengers at the time of the incident described herein. Carnival may be served with process through its registered agent for service of process in the State of Texas, National Registered Agents, Inc., 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

5.    Defendant Galveston Wharves is a public port authority organized under the laws of the State of Texas and operating as a municipal agency of the City of Galveston, Texas, with its principal offices located at Shearn Moody Plaza, 123 Rosenberg Avenue, 8th Floor, Galveston, Texas 77550. Galveston Wharves owns, operates, controls, and/or maintains the cruise ship terminal facilities, debarkation ramps, gangways, and passenger areas at the Port of Galveston, Texas, including the debarkation ramp where

the incident occurred at 2702 Harborside Drive, Galveston, Texas 77550. Galveston Wharves may be served with process pursuant to Fed. R. Civ. P. 4(j)(2) by delivering a copy of the Summons and Complaint to its Port Director and Chief Executive Officer, Rodger Rees, at Shearn Moody Plaza, 123 Rosenberg Avenue, 8th Floor, Galveston, Texas 77550.

### III. JURISDICTION AND VENUE

6.    This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1333(1), as this is a civil admiralty and maritime claim arising under the admiralty and maritime jurisdiction of the United States. Plaintiffs bring this action pursuant to the saving-to-suitors clause, 28 U.S.C. § 1333(1), and expressly invoke the general maritime law of the United States applicable to negligence claims involving cruise ship passengers. Plaintiffs expressly do not designate this action as an admiralty claim under Federal Rule of Civil Procedure 9(h) and proceed under the saving-to-suitors clause to preserve all legal remedies, including the right to a trial by jury.

7.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to Plaintiffs' claims occurred in Galveston County, Texas, within the Southern District of Texas, Galveston Division.

8.    Plaintiffs are aware that Carnival's Ticket Contract contains a forum selection clause purporting to require litigation in the United States District Court for the Southern District of Florida. Plaintiffs assert that said clause is, to the extent applicable, unenforceable under the circumstances of this case, including that the incident occurred at the Port of Galveston, that Galveston Wharves — a separate non-party to said contract — is a joint tortfeasor over whom the Southern District of Florida would have no jurisdiction, and that

proceeding in this district is warranted in the interest of justice and judicial efficiency. Plaintiffs expressly reserve all rights with respect to this issue.

## IV. FACTUAL ALLEGATIONS

9.    On or about July 19, 2025, at approximately 9:45 A.M., Plaintiffs Valente Elizondo Sr. and Dora Cruz Elizondo were ticketed passengers who had completed a voyage aboard the Carnival Breeze departing from and returning to the Port of Galveston, Texas, at 2702 Harborside Drive, Galveston, Texas 77550.

10.    At the time of the incident, Plaintiff Valente Elizondo Sr. used a walker due to his medical condition, which fact was known or reasonably ascertainable to Defendants and their agents and employees.

11.    While Plaintiff Valente Elizondo Sr. was traversing the debarkation ramp to exit the Carnival Breeze, the ramp surface was steep and covered. The metal connections and/or joints of the debarkation ramp were raised, uneven, and in a dangerous and defective condition that constituted a tripping hazard for pedestrians, and particularly for passengers using mobility assistance devices such as walkers.

12.    The foot of Plaintiff's walker became caught in and/or stuck on the raised metal connections/joints of the debarkation ramp surface. As a result, Plaintiff Valente Elizondo Sr. was caused to trip and fall violently onto the ramp floor, striking his head.

13.    At the time of the fall, Plaintiff Dora Cruz Elizondo was proceeding ahead of her husband and turned to warn him that the ramp was slippery. Despite the dangerous condition being observable, no adequate warnings, non-slip surfaces, hazard markings, handrail assistance, or other reasonable safety measures were in place at the location of

Plaintiff's fall to protect disembarking passengers, particularly those with mobility limitations.

14. Following the fall, Carnival's crew and/or personnel called the Galveston Wharves Police Department and subsequently summoned Emergency Medical Services to respond to the scene, demonstrating actual knowledge of the incident and Defendants' presence and control over the debarkation area.

15. The Galveston Wharves Police Department responded to the scene and investigated the incident. The incident was assigned Galveston Wharves Police Case Number 2025-1052, and was investigated by Officer C. Jimenez, Badge No. 148, whose department is located at 2803 Wharf Road, Galveston, Texas 77550.

16. A witness to the incident, Claudia Reyna (maiden name Garcia), was present at or near the scene at the time of the fall.

17. At all relevant times, the debarkation ramp at issue was owned, operated, maintained, controlled, and/or managed jointly and/or individually by Defendants Carnival and Galveston Wharves.

18. At all relevant times, Defendants knew or, through the exercise of reasonable care, should have known of the dangerous and defective condition of the debarkation ramp, including the raised metal connections/joints, which constituted a foreseeable tripping hazard for passengers, particularly elderly passengers and those using mobility assistance devices.

19. Defendants failed to correct, remedy, or adequately warn passengers of the hazardous condition, notwithstanding their actual or constructive knowledge of same.

20.    Plaintiff Valente Elizondo Sr. was treated on an emergency basis at the University of Texas Medical Branch ("UTMB") Emergency Department in Galveston, Texas, on July 19, 2025, where he was seen by Jeremy Carter, D.O. Diagnostic studies performed included CT of the Head without contrast, MRI Brain with and without contrast, CT Angiogram of the Head and Neck, CT Cervical Spine without contrast, CT Maxillofacial/Mandible without contrast, X-Rays of the Left Shoulder, Left Humerus, and Left Elbow, and additional laboratory studies. Plaintiff Valente Elizondo Sr. was diagnosed with, among other conditions, a left humeral head fracture (closed, initial encounter), intracranial hemorrhage (bleeding in the brain), and a congenital anomaly of the cerebrovascular system. He was transported by Advanced Life Support ambulance (Galveston Area Ambulance Authority, Call No. 202506502) to The University of Texas Medical Branch Hospital. UTMB discharge instructions directed Plaintiff to follow up with orthopedic surgery and with neurology upon his return to the Rio Grande Valley.

21.    Plaintiff Valente Elizondo Sr. has since received continuing medical care and treatment from the following providers, among others:

(a)    Galveston Area Ambulance Authority — ALS Emergency transport, July 19, 2025;

(b)    UTMB Emergency Department, Galveston, Texas — Emergency treatment, July 19, 2025 (MRN: 879423A);

(c)    Dr. Nelson R. Kalaf, M.D. — PCP, 2023 E. Griffin Pkwy., Mission, Texas 78572;

(d)    Dr. Raul A. Marquez, M.D. — Physical therapy and ongoing treatment, 2402 Cornerstone Blvd., Edinburg, Texas 78539;

(e)    DHR Lone Star Imaging Center — Diagnostic imaging, 2121 E. Griffin Pkwy., Mission, Texas 78572; and

(f)    Doctors Hospital at Renaissance — 5501 S. McColl Road, Edinburg, Texas 78539.

22.    Plaintiff Valente Elizondo Sr. has a prior history of back surgery performed on April 4, 2024, by Dr. Hussain, M.D., and prior pain management injections. The injuries sustained in the incident described herein are distinct from and exacerbated any pre-existing conditions Plaintiff may have had.

23.    As a result of the fall and resulting injuries, Plaintiff Valente Elizondo Sr. continues to suffer pain, blurry vision, difficulty sleeping, inability to perform activities of daily living (including dressing and bathing), left leg pain, back pain, and other debilitating conditions, and remains under continuing medical care.

24.    WellMed Medical Management, Inc. (Medicare Advantage organization) has asserted subrogation and reimbursement rights through Optum for medical expenses paid on behalf of Plaintiff Valente Elizondo Sr., with a total amount billed of $25,081.16 and total paid of $2,304.87 as of September 10, 2025, with the balance remaining subject to update.

25.    On August 26, 2025, the firm provided written notice of Plaintiff Valente Elizondo Sr.'s claims to Carnival Cruise Lines by certified mail, return receipt requested, No. 9589 0710 5270 2073 3385 99, to Carnival Cruise Lines, 3655 NW 87th Ave., Miami, Florida 33178, in satisfaction of any contractual notice requirement. On September 4, 2025, additional notice was provided to Carnival Cruise Line via email to ccllegalclaims@carnival.com on behalf of Plaintiff Dora Cruz Elizondo.

26.    On August 26, 2025, the firm also provided written notice of claim to the City of Galveston, Office of the City Secretary, 823 Rosenberg, P.O. Box 779, Galveston, Texas

77553, pursuant to Texas Civil Practice and Remedies Code § 101.101, by certified mail, return receipt requested, No. 9589 0710 5270 2073 3385 75.

27.    Plaintiff Dora Cruz Elizondo, as the lawful spouse of Valente Elizondo Sr., has suffered and continues to suffer the loss of consortium, companionship, society, comfort, and services of her husband as a direct and proximate result of his injuries.  She also was a bystander who saw her husband fall and suffer injuries, and as a result, she herself suffered shock and a direct emotional impact from the observance of the accident.

## V. CAUSES OF ACTION

### COUNT I – NEGLIGENCE AGAINST CARNIVAL CORPORATION D/B/A CARNIVAL CRUISE LINE

28.    Plaintiffs incorporate by reference all preceding paragraphs as though fully set forth herein.

29.    As a cruise line operating vessels in the navigable waters of the United States, Carnival owed Plaintiff Valente Elizondo Sr., as a paying passenger, a duty of reasonable care under the circumstances to maintain its vessel and related debarkation facilities in a reasonably safe condition and to warn of any dangerous conditions of which it knew or should have known.

30.    Carnival, acting by and through its agents, servants, employees, and representatives, was negligent in the following respects, including but not limited to:

(a)    Failing to maintain the debarkation ramp in a reasonably safe condition for disembarking passengers, particularly elderly passengers and those using mobility assistance devices such as walkers;

(b)    Failing to inspect the debarkation ramp and identify the raised and uneven metal connections/joints that constituted a tripping hazard;

(c)    Failing to remedy the raised, uneven, and defective condition of the metal connections/joints on the debarkation ramp surface;

(d)   Failing to provide adequate warnings, signage, or markings to alert passengers of the dangerous condition of the debarkation ramp;

(e)   Failing to provide adequate non-slip surfaces, grip tape, rubberized mats, or other safety measures over or around the metal connections/joints of the debarkation ramp;

(f)   Failing to provide adequate assistance to elderly passengers and those using walkers or other mobility assistance devices while traversing the steep debarkation ramp;

(g)   Failing to train and supervise personnel to identify, correct, and warn of dangerous conditions in the debarkation area;

(h)   Failing to establish and enforce adequate safety policies and procedures for the maintenance, inspection, and safe use of debarkation ramps; and

(i)   Such other acts and omissions of negligence as may be discovered during the course of this litigation.

31.   The negligence of Carnival, as described above, was a direct and proximate cause of the injuries and damages sustained by Plaintiffs.

## COUNT II – NEGLIGENCE AGAINST GALVESTON WHARVES

32.   Plaintiffs incorporate by reference all preceding paragraphs as though fully set forth herein.

33.   As the owner and/or operator of the cruise terminal, debarkation ramps, and passenger facilities at 2702 Harborside Drive, Port of Galveston, Texas, Galveston Wharves owed a duty of reasonable care to all persons lawfully present on its premises, including Plaintiff Valente Elizondo Sr., to maintain said premises and facilities in a reasonably safe condition and to warn of dangerous conditions.

34.   Galveston Wharves, acting by and through its agents, servants, employees, and representatives, was negligent in the following respects, including but not limited to:

(a)   Failing to maintain the debarkation ramp and passenger areas in a reasonably safe condition, including failing to address the raised and uneven metal connections/joints of the debarkation ramp surface;

(b)   Failing to inspect the debarkation ramp for dangerous conditions, including tripping hazards posed by raised metal connections/joints;

(c)   Failing to remedy the raised, uneven, and defective condition of the metal connections/joints on the debarkation ramp;

(d)   Failing to provide adequate warnings, signage, or markings to alert passengers of the dangerous condition of the debarkation ramp;

(e)   Failing to provide adequate non-slip surfaces, mats, grip tape, rubberized coverings, or other safety devices on or over the dangerous conditions of the debarkation ramp;

(f)   Failing to accommodate or assist passengers using walkers or other mobility assistance devices on steep debarkation ramps;

(g)   Failing to train and supervise its personnel to identify, correct, and warn of hazardous conditions in the debarkation area; and

(h)   Such other acts and omissions of negligence as may be discovered during the course of this litigation.

35.   The negligence of Galveston Wharves, as described above, was a direct and proximate cause of the injuries and damages sustained by Plaintiffs.

## COUNT III – LOSS OF CONSORTIUM – AND BYSTANDER CLAIM-DORA CRUZ ELIZONDO

36.   Plaintiff Dora Cruz Elizondo incorporates by reference all preceding paragraphs as though fully set forth herein.

37.   As a direct and proximate result of the injuries sustained by her husband, Valente Elizondo Sr., Plaintiff Dora Cruz Elizondo has been deprived of the comfort, companionship, society, services, and consortium of her spouse, and has suffered and will continue to suffer such losses in the future.

38.   Plaintiff Dora Cruz Elizondo's loss of consortium and bystander claim is asserted against both Defendants jointly and severally.

## VI. DAMAGES

39.   As a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff Valente Elizondo Sr. has suffered and is entitled to recover the following damages:

(a)   Past and future physical pain and suffering;

(b)   Past and future mental anguish and emotional distress, arising from and caused by Plaintiff's physical injuries, including his left humeral head fracture, intracranial hemorrhage, and cervical spine injuries;

(c)   Past and future physical impairment and disability;

(d)   Past and future medical expenses, including but not limited to emergency ambulance transport ($2,608.00), UTMB Emergency Department treatment, diagnostic imaging at DHR Lone Star Imaging Center, treatment at Doctors Hospital at Renaissance, physical therapy with Dr. Raul A. Marquez, M.D., and all future medical care reasonably required by Plaintiff's injuries;

(e)   Past and future lost wages and loss of earning capacity;

(f)   Loss of enjoyment of life; and

(g)   Such other and further damages as may be shown at trial.

40.   As a direct and proximate result of the negligence of Defendants, Plaintiff Dora Cruz Elizondo has suffered and is entitled to recover damages for past and future loss of consortium, companionship, society, comfort, and services of her husband.

41.   Plaintiffs seek judgment against Defendants, jointly and severally, for all actual and compensatory damages in an amount well in excess of $75,000.00, exclusive of interest and costs, to be determined by the trier of fact.

## VII. JURY DEMAND

42.    Plaintiffs hereby demand a trial by jury on all issues so triable in this action.

## VIII. PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiffs Valente Elizondo Sr. and Dora Cruz Elizondo respectfully pray that this Court:

1.    Enter judgment against Defendants Carnival Corporation d/b/a Carnival Cruise Line and Galveston Wharves, jointly and severally, for all actual and compensatory damages suffered by Plaintiffs;

2.    Award Plaintiff Valente Elizondo Sr. damages for past and future physical pain and suffering, mental anguish, physical impairment, loss of enjoyment of life, medical expenses (past and future), and loss of earning capacity, in an amount to be determined by the trier of fact;

3.    Award Plaintiff Dora Cruz Elizondo damages for past and future loss of consortium;

4.    Award Plaintiffs pre-judgment and post-judgment interest at the maximum rate allowed by law;

5.    Award Plaintiffs their costs of court; and

6.    Award Plaintiffs such other and further relief, both general and special, at law and in equity, to which they may show themselves justly entitled.

Respectfully submitted,

LAW OFFICE OF
FRANCISCO J. RODRIGUEZ
1111 West Nolana, Suite A
McAllen, Texas 78504
Telephone: (956) 687-4363
Telecopier: (956) 687-6415

By:/s/ *Francisco J. Rodriguez*
FRANCISCO J. RODRIGUEZ
State Bar No. 17145800
Federal No. 3083
frankr@mcallenlawfirm.com

JARED A. CLARK
State Bar No. 24101626
Federal No. 3050519
jared.clark@mcallenlawfirm.com

ATTORNEY FOR PLAINTIFFS